IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vanessa Richardson El, ) | Case No. 2:23-cv-2964-RMG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Hutchens Law Firm; John Kay; Ashley ) | |
| Stanley; Mikell Scarborough; Kristin ) | |
| Graziano; Michael Miller; Jessica Wigley; ) | |
| Donald W. Beatty; Henry McMaster; ) | |
| LoanCare, LLC; Newrez LLC; New Res ) | |
| Corp; and Ditech Financial LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this action be dismissed for lack of subject matter jurisdiction because the Plaintiff's pleadings were signed on her behalf by a non-attorney, Bakha Yawuti El ("Mr. El"). (Dkt. No. 24). The Magistrate Judge provided Plaintiff an opportunity to complete and refile the complaint either by signing it personally or retaining an attorney and warned that a failure to comply would result in the case being dismissed for lack of subject matter jurisdiction. Plaintiff never complied with the Magistrate Judge's instructions. The Magistrate Judge then issued the R & R recommending that the action be dismissed without prejudice for lack of subject matter jurisdiction. (*Id*. at 5). Plaintiff filed an objection to the R & R complaining that the R & R defied "good reason and good conscience" because she had granted to Mr. El a durable power of attorney. (Dkt. No. 26 at 1-2).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with

-2-

making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

The Magistrate Judge correctly stated the law that a non-attorney may not represent a lay person in federal district court and that a pleading signed by a non-attorney representing a party is a legal nullity. (Dkt. No. 24 at 5). Consequently, the Court adopts the R & R (Dkt. No. 24) as the order of the Court. This action is dismissed without prejudice and without issuance of a process.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
United States District Judge

April 27, 2023
Charleston, South Carolina